CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

AUG 0 5 2013

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| CASTRO JEROME BANKS, | ) | CASE NO. 7:13CV00264 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| NEW RIVER VALLEY REGIONAL JAIL, | ) | |
| CHARLIE COCHREN, | ) | By: James C. Turk |
| | ) | Senior United States District Judge |
| Defendant(s). | ) | |

Castro Jerome Banks, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that the defendant jail official wrongfully convicted him of a disciplinary charge without a hearing, in violation of due process. Upon review of the record, the court finds that the action must be summarily dismissed.

I

Banks, an inmate at the New River Valley Regional Jail ("the jail"), alleges the following sequence of events relevant to his claim. In May 2013, jail officials charged Banks with vandalism, a violation of the inmate disciplinary regulations. When an officer attempted to serve Banks with a written copy of the charge on May 16, 2013, Banks refused to sign it.

Banks submits a copy of a form, dated May 16, 2013, entitled "INMATE VIOLATION REPORT/ADVISEMENT OF RIGHTS/DISCIPLINARY DISPOSITION." (ECF No. 2, at 2.) The top of the form states the circumstances of the vandalism charge. Below the charge is a section entitled "ADVISEMENT OF RIGHTS," which reads: "I have been informed of the charge(s) against me and advised of my rights. By signing below, you indicate your preference regarding the rights indicated. Waiving your rights to a hearing is the admission of guilt and cannot be appealed." (Id.) Below this paragraph, the inmate must indicate one of two choices:

"Waive the Right to a Hearing: YES NO. Waive the 24 hour Requirement prior to having the hearing conducted: YES NO." (Id.) Banks did not mark YES or NO for either of these choices.

Later on May 16, 2013, the jail's hearing officer, Charlie Cochren, came to see Banks at his cell and asked if he wanted to have his hearing at that time. Banks refused, saying that he wanted 24 hours to prepare for the hearing. Cochren said okay, but indicated he did not understand why Banks needed more time, since he "was already guilty because [he] refused to sign." (Compl. 2.)

The next day, Banks received a copy of the inmate violation report, stating that Cochren, as hearing officer, had found Banks guilty of the charge and penalized him with the loss of 5 days of good time. Banks filed a grievance, arguing (as he does here) that the charge paperwork did not put him on notice that failure to sign the advisement of rights was the equivalent of admitting guilt or waiving the right to be present for a hearing on the charge. A captain upheld the conviction, stating: "Mr. Banks your offen[s]e report along with the advisement of rights were given to you. Had you completed advisement of rights there would not have been a question of your intentions. When you refuse to cooperate with our procedures, we cannot guess what you want to do." (ECF No. 2, at 3.) The response at the next level of review stated: "You were afforded due process and you cho[s]e not to participate. Because you cho[s]e not to participate does not mean the charge will not be heard." (Id. at 4.) This finding was upheld in a third level of review. Banks points out that neither the advisement of rights form nor the jail's handbook advises inmates that failure to sign the charge and advisement of rights form constitutes an admission of guilt or waiver of a hearing.

Banks filed this § 1983 action against the jail and Cochren, alleging a violation of his due process rights. As relief, he seeks "a lawsuit against Officer Cochren for violating my rights to due process, and to have him fired from the jail as a hearing officer, because I'm sure other inmates ha[ve] had this done by him . . ." (Compl. 3.)

## II

The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). In order to state a claim in any federal civil action, the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face," rather than merely "conceivable." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

The only form of relief Banks seeks in bringing this lawsuit is to have Cochren terminated as a hearing officer. The court construes this demand as a request for prospective relief, or in other words, a permanent injunction ordering jail officials to bar Cochren from presiding over disciplinary proceedings.

A litigant lacks standing to pursue injunctive relief based on a past event "absent a real and immediate threat" that he will be harmed in the same way in the future. Bryant v. Cheney, 924 F.2d 525, 529 (4th Cir. 1991) (applying City of Los Angeles v. Lyons, 461 U.S. 95 (1983)). Banks makes no such showing. His own evidence indicates that if he is ever charged with another disciplinary infraction at the jail, he can ensure that he receives a hearing before being found guilty — by completing the advisement of rights section of the charge form and circling "NO" in response to both questions in this section of the form.

3

Because it is clear from Banks' allegations that he is not entitled to the injunctive relief he seeks in this civil action, the court dismisses the action without prejudice, pursuant to § 1915A(b)(1). The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 5th day of August, 2013.

/s/ James C. Turk
Senior United States District Judge